IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CELENA K. P., <br><br>            Plaintiff, <br> v. <br><br> ANDREW SAUL, <br> Commissioner of Social Security, <br><br>            Defendant. | REPORT AND RECOMMENDATION <br><br> Case No. 2:19-cv-586 CW DBP <br><br> District Judge Clark Waddoups <br><br> Chief Magistrate Judge Dustin B. Pead |

This case is referred to the undersigned from Judge Clark Waddoups based upon 28 U.S.C. § 636(b)(1)(B). (ECF No. 14.) Pending before the court is Plaintiff Celena P's appeal of the Commissioner of Social Security's decision denying her claim for supplemental security income and disability insurance benefits under Title XVI of the Social Security Act.[1] Having considered the parties' briefs, the administrative record, and relevant law, the undersigned RECOMMENDS that the Commissioner's decision be AFFIRMED.

## BACKGROUND

Plaintiff alleges disability beginning June 30, 2015, at the age of 42, due to an inability to use her right arm, depression, anxiety, thyroid issues, spine issues, arthritis, and chronic pain. (Tr. 296.)[2] At step five of the five-step sequential evaluation process followed in social security benefit cases, an administrative law judge (ALJ) determined Plaintiff retained the residual functional capacity for light work with some limitations. *Wall v. Astrue*, 561 F.3d 1048, 1052

---

[1] Based on privacy concerns regarding sensitive personal information the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037.

[2] Tr. refers to the transcript of the record before the court.

(10th Cir.2009) (explaining the five-step process). After hearing from a vocational expert, the ALJ found this allowed Plaintiff to perform a number of other jobs that exist in significant numbers in the national economy. The representative jobs included information clerk, counter clerk, and bakery inspector. After the ALJ denied her claim, the Appeals Council affirmed, making the ALJ's decision the Commissioner's final decision for purposes of review. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir.2003).

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). "The phrase 'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 229 (1938)). Although the meaning of "substantial" may differ in other contexts, in the social security administrative review context "the threshold for such evidentiary sufficiency is not high." *Id.*

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and

citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted). Yet, the Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).

## DISCUSSION

To establish disability, Plaintiff must show that she has an

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months;

42 U.S.C. § 423(d). The ALJ found Plaintiff failed to meet this standard.

On appeal Plaintiff argues the ALJ erred by (1) inappropriately analyzing her fibromyalgia, and (2) by failing to give her treating physicians' opinions appropriate weight.

### I.  The ALJ appropriately considered Plaintiff's Fibromyalgia

At step two, the ALJ found Plaintiff had the severe impairment of fibromyalgia (FM). (Tr. 14.) Plaintiff, however, takes issue with the ALJ's analysis of her fibromyalgia alleging it is deficient. Specifically, Plaintiff cites to Social Security Ruling 12-2p. SSR 12-2p provides "guidance on how the evidence must be developed to establish that a person has a medically determinable impairment (MDI) of fibromyalgia, and how such evidence must be evaluated." 2012 No. 4 Current Soc. Sec. News 1. The Ruling provides:

> FM is a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months. FM is a common syndrome. When a person seeks disability benefits due in whole or in part to FM, we must properly consider the person's symptoms when we decide whether the person has an MDI of FM. As with any claim for disability

3

benefits, before we find that a person with an MDI of FM is disabled, we must ensure there is sufficient objective evidence to support a finding that the person's impairment(s) so limits the person's functional abilities that it precludes him or her from performing any substantial gainful activity.

Soc. Sec. Ruling, Ssr 12-2p; Titles II & Xvi: Evaluation of Fibromyalgia, SSR 12-2P, 2012 WL 3104869, at *2 (S.S.A. July 25, 2012).

The Ruling sets forth criteria for the MDI of FM noting such a finding is proper when a claimant has "all three of the following:" (1) "A history of widespread pain"; (2) "At least 11 positive tender points on physical examination"; and (3) evidence indicating that other disorders did not cause the symptoms. *Id.* at *3. Once a MDI of FM is established, it is considered "in the sequential evaluation process to determine whether the person is disabled." *Id.* at *5. The ALJ is to consider "the severity of the impairment, whether the impairment medically equals the requirements of a listed impairment, and whether the impairment prevents the person from doing his or her past relevant work or other work that exists in significant numbers in the national economy." *Id.*

Here, this is exactly what the ALJ did. After finding FM as a severe impairment the ALJ considered listing 1.02, which addresses dysfunction of a joint. Plaintiff saw Dr. Ingebretsen for a consultative examination in June 2016. At that visit Plaintiff was able to handle a paperclip in each hand easily, had full strength on her left and "two-plus out of five" strength on her right, a negative sitting straight leg raise test, normal left elbow with pain in her right elbow, walked normally, and was positive for six out of nine bilateral pressure points. (Tr. 23-24.) The "numerous inconsistencies" between Plaintiff's complaints and her testing "made making an accurate diagnosis impossible." (Tr. 24.)

Plaintiff argues the ALJ's reliance on this exam is problematic because it contradicts the ALJ's finding that her FM was severe. Yet, under the Ruling cited to by

Plaintiff, SSR 12-2p, the ALJ is charged with determining the severity of her FM. Plaintiff further suggests that the ALJ erred because FM's pain and other symptoms "may fluctuate in intensity and may not always be present", thus it was improper to consider this examination. (ECF No. 18 p. 6.) This argument is also misplaced. An ALJ is instructed to consider how Plaintiff's symptoms fluctuated in determining "the severity of the impairment, whether the impairment medically equals the requirements of a listed impairment, and whether the impairment prevents the person from doing his or her past relevant work or other work." Ssr 12-2p 2012 WL 3104869, at *5. The court finds no error in the ALJ's reliance or consideration of Dr. Ingebretsen's opinion.

The ALJ went on to discuss the statement of Dr. Kimball regarding listing 1.02, and concluded it was undermined by the record and the examination of Dr. Ingebretsen. The ALJ also considered listing 1.00, "relating to musculoskeletal impairments," 11.00, that relates to neurological impairments, and 14.00 that addresses immune system disorders, in relation to Plaintiff's fibromyalgia related impairments. (Tr. 18.) In each instance, the ALJ found Plaintiff did not meet a listing.

The ALJ is tasked with considering all the evidence, including evidence which an ALJ chooses not to rely on. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). The court finds the ALJ met this standard in considering Plaintiff's FM. "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." Madrid, 447 F.3d at 790 (quotations and citation omitted). Plaintiff's arguments concerning the analysis of her FM are an invitation to reweigh the evidence. There is substantial evidence in the record to support the ALJ's analysis of Plaintiff's FM and the court declines the invitation to reweight it.

## II. The ALJ properly considered the opinions of the medical opinions

Plaintiff argues the ALJ erred in failing to give her treating physicians opinions, Dr. Kimball and Dr. Breding, their appropriate weight. The court disagrees.

In November 2015, Dr. Kimball opined that Plaintiff would be unable to go back to her prior job as a CNA. The ALJ afforded this opinion limited weight in agreeing that Plaintiff's condition precluded her past employment as a CNA, but noting there was still the possibility of performing light work based upon her residual functional capacity and the testimony of a vocational expert. (Tr. 29.)  The ALJ examined many of Plaintiff's visits with Dr. Kimball, including diagnoses of "left shoulder bursitis and impingement syndrome", Plaintiff's history of elbow problems including her "right ulnar nerve palsy", and problems she had with her spine. The ALJ then assigned limitations based upon Plaintiff's treatment record, including some improvement in her left shoulder for a time, Plaintiff's reported activities, and treatment notes. (Tr. 29.) Such an analysis is consistent with that set forth for a treating physician in *Hackett v. Barnhart*, 395 F.3d 1168, 1174 (10th Cir. 2005), where the court found substantial evidence in the record supported the ALJ's decision to "accord less than controlling weight" to a treating physician. *Id.* In this case, there is ample evidence in the record to meet the substantial evidence standard in the ALJ's decision to afford Dr. Kimball's opinion limited weight.

A similar analysis by the ALJ is set forth in reference to the opinion of Dr. Breding. Dr. Breding opined that Plaintiff "was completely disabled because she could not use her right arm." (Tr. 30.) The ALJ afforded this opinion little weight because it was inconsistent with his own treatment notes, and is an issue reserved to the Commissioner. The court finds no error in this analysis.

Finally, Plaintiff argues the ALJ erred in affording significant weight to the opinion of Dr. Heaton, a Social Security Administration nonexamining source. "The governing and unchallenged regulation states that the weight an ALJ may give to the opinions of nonexamining sources 'depend[s] on the degree to which they provide supporting explanations for their opinions,' and that an ALJ should 'evaluate the degree to which these opinions consider all of the pertinent evidence in [a] claim, including opinions of treating and other examining sources.'" *Tarpley v. Colvin*, 601 F. App'x 641, 644 (10th Cir. 2015) (quoting 20 C.F.R. § 416.927(c)(3)).

In this case, the ALJ found that Dr. Heaton's opinion was supported by the thorough examination of the record that included Plaintiff's limitations and improvement as demonstrated by Plaintiff ceasing physical therapy. The ALJ, however, still discounted Dr. Heaton's opinion because he "did not have the opportunity to review recent medical records." (Tr. 30.) In fact, this led the ALJ to conclude Plaintiff was more limited than Dr. Heaton opined. This matter is analogous to the Tenth Circuit's decision in *Tarpley*. The court "can imagine a factfinder reaching a different view about how much weight to give Dr. [Heaton's] assessment, but on this record [the court] cannot say this factfinder lacked for evidence in reaching the decision he did." *Id.* at 644.

In sum, substantial evidence supports the ALJ's assigned weights to the medical opinions in the record and the ALJ applied the correct legal standards.

## RECOMMENDATION

Based upon the forgoing, the court RECOMMENDS that the district court AFFIRM the Commissioner's decision.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 19 February 2021.

_____
Dustin B. Pead
United States Magistrate Judge